IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATHY BELANGER, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 20 CV 3087 |
| IBERIA LÍNEAS AÉREAS DE ESPAÑA S.A. OPERADORA, a foreign corporation d/b/a "Iberia", | ) ) ) ) | Judge John J. Tharp, Jr. |
| Defendant. | ) ) ) | |

## ORDER

For the reasons set forth in the Statement below, the defendant's motion to dismiss [26] is granted. Judgment will be entered for the defendant. Civil case terminated.

## STATEMENT

**I.  Background**

European Union Regulation (EC) No 261/2004 ("EU 261") establishes common requirements for airline compensation and passenger assistance following boarding denials, delays, and cancellations of flights to and from airports within the European Union. 2004 O.J. (L 46) 1(EC) pmbl., recital 6. Defendant Iberia Líneas Aéreas de España is subject to EU 261, a fact Iberia conveyed to Plaintiff Kathy Belanger through its contract of carriage.

In November 2019, Ms. Belanger accepted Iberia's contract of carriage and purchased tickets for an April 2020, round-trip flight between Chicago and Madrid. Then the COVID-19 pandemic erupted and Iberia cancelled her flight. Accordingly, under EU 261, Ms. Belanger retained a right to "reimbursement within seven days . . . of the full cost of [her] ticket" which was to be "paid in cash . . . or, with the signed agreement of the passenger, in travel vouchers . . . ." *Id.* art. 7(3), 8(1)(a). Ms. Belanger wanted a cash refund from Iberia but instead received a travel voucher with a July 2021 expiration. Hence this suit.

Ms. Belanger complains that Iberia violated EU 261 by issuing her a travel voucher in lieu of a cash refund. She alleges that Iberia not only failed to reimburse her within seven days, but that it hid its cash refund offer behind a morass of red tape and misled her unwittingly into accepting a travel voucher. No "signed agreement," she says, was ever provided. But under European Union law, Ms. Belanger cannot bring suit in a United States court to enforce EU 261—a limitation which will be explained shortly. Ms. Belanger knows this and so asserts a claim for breach of the contract of carriage—which incorporates the provisions of EU 261—

rather than a direct claim for violation of EU 261. Iberia now moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Ms. Belanger's complaint, arguing *inter alia* that EU 261-incorporated breach of contract claims are not cognizable in United States courts.[1]

## II. Legal Standard and Choice of Law

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint for plausibility, "[t]he complaint's well-pleaded factual allegations, though not its legal conclusions, are assumed to be true." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019 (7th Cir. 2013). Along with the complaint, a court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Id.* at 1019–20 (internal quotations removed). Most relevant here is Iberia's contract of carriage, to which the complaint hyperlinks and Iberia submits as an exhibit. Compl. ¶ 17 n.1, ECF No. 1; Ex. 12 of Decl. of Shah, ECF No. 28-13 (Conditions of Contract); *see also Conditions of Carriage*, Iberia, https://www.iberia.com/us/bills/conditions (last visited Mar. 7, 2022). The terms of the contract are appropriately considered in connection with the motion to dismiss.

Another preliminary matter is the choice of law. The parties do not agree as to which state's laws apply to this breach of contract action. Iberia asserts that Michigan law governs. Ms. Belanger, for her part, says that either Michigan or Illinois law applies but a decision is not outcome determinative at this stage. This Court agrees with her, and so cites to both Michigan and Illinois law where appropriate.

## III. EU 261's Forum Limitation – Whether Ms. Belanger's Breach of Contract Claim is Cognizable in United States Courts

Broadly speaking, EU 261 provides airline passengers subject to flight cancellations, delays, or denied boarding with three different rights: the right to compensation (Article 7), the right to reimbursement or re-routing (Article 8), and the right to care (*e.g.*, hotel accommodations) (Article 9). It also inarguably creates a private right of action to enforce these rights (Article 14). The question prior courts have faced is where that action may be maintained.

In *Volodarskiy v. Delta Airlines, Inc.*, the Seventh Circuit observed that "EU 261 does not have an explicit forum-limitation clause[,]" but "the text and structure of the regulation indicate that passenger claims for compensation due from air carriers are limited to administrative bodies and courts in EU Member States." 784 F.3d 349, 353 (7th Cir. 2015) (reading primarily from Article 16). Therefore, "a direct claim for compensation under EU 261 is actionable only as

---

[1] Iberia also moves under Rule 12(b)(1) but makes no argument as to why this Court lacks subject-matter jurisdiction. Iberia incorporated in Spain and its principal place of business is Madrid. Compl. ¶ 11, ECF No. 1. Ms. Belanger is a Michigan citizen. *Id.* ¶ 10. And the amount in controversy is reasonably alleged to exceed $5,000,000. *Id.* ¶ 7. Therefore, subject-matter jurisdiction exists pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). *See id.* ¶¶ 60–68 (class allegations).

provided in the regulation itself, which . . . implicitly limits judicial redress to courts in Member States under the procedures of their own national law." *Id.* at 350.

Although the *Volodarskiy* Court held that **direct** EU 261 claims are not cognizable in United States courts, it did not have opportunity to address whether breach of contract claims premised on the incorporation of EU 261 in a contract of carriage are similarly limited to courts of the European Union. A year after *Volodarskiy*, the Seventh Circuit in *Baumeister v. Deutsche Lufthansa, AG* had an opportunity to address this question, but again found it unnecessary to do so, leaving the issue open. 811 F.3d 963 (7th Cir. 2016).

In *Baumeister*, the Seventh Circuit decided appeals from two breach of contract cases asserting EU 261 violations vis-à-vis incorporation by contracts of carriage. *Id.* at 965, 968. The first involved a claim for compensation against Lufthansa following the cancellation of a regional German flight. *Id.* at 965. Lufthansa, however, had only issued the flight's tickets; a separate, regional German airline was to be the carrier. *Id.* And because EU 261 only places obligations on "operating air carrier[s]" who "perform[] or intend[] to perform a flight," 2004 O.J. (L 46) 1(EC) art. 2(b), 3(5), Lufthansa incurred no EU 261 liability directly or indirectly. *Baumeister*, 811 F.3d at 966.

The second case involved a similar claim against Iberia—the operating air carrier for the Rome-to-Madrid leg of a Rome-to-Dallas trip sold by American Airlines. *Id.* at 967. Iberia's flight arrived late into Madrid causing the plaintiff-passengers to miss their American Airlines connection to Dallas, and the plaintiffs sought compensation from Iberia for the delay. *Id*. The plaintiffs purchased their tickets, however, under American Airline's contract of carriage and were therefore not in privity of contract with Iberia. *Id.* at 967–68. So, the only claims against Iberia the plaintiffs had were non-cognizable, direct EU 261 claims—not breach of contract claims premised on incorporation of EU 261. *Id.* at 968.

Accordingly, in adverting to the incorporation issue, the Seventh Circuit simply assumed for the sake of argument that a contract which incorporates EU 261 could give rise to a cognizable claim for breach in United States courts despite *Volodarskiy*'s holding. *Id.* at 966; *see id.* at 968. Because an opposite conclusion would not have changed the outcome of either appeal (*i.e.*, both Lufthansa and Iberia were not liable for breach regardless), the Seventh Circuit declined to answer the question. *Id.* at 966.

Iberia nevertheless places great weight on *Baumeister* on the strength of one particular passage and maintains that it forecloses EU 261-incorporated breach of contract claims. Because Iberia affords the passage so much weight, a full quotation is warranted:

> We'll assume for purposes of this appeal that [the plaintiffs] can indeed bring a breach of contract suit to enforce [EU 261], although it can be questioned how a promise to abide by it could be enforced in U.S. courts given our holding in *Volodarskiy* that the regulation can be enforced only in European courts or agencies. But the parties haven't briefed the issue; nor would its resolution change the outcome of this appeal.

3

*Id*.

This passage is plainly dicta. As such, it has no precedential value beyond the power of its reasoning. *See United States v. Crawley*, 837 F.2d 291, 292 (7th Cir. 1988) (describing dicta generally). And this Court is not alone in that reading. *See Click 2 Refund Inc. v. Brit. Airways PLC*, No. 2:19-cv-05399-CAS-SKx, 2019 WL 6135123, at *3 n.1 (C.D. Cal. Nov. 18, 2019); *Kogan v. Scandinavian Airlines Sys.*, 253 F. Supp. 3d 1022, 1025 (N.D. Ill. 2017); *Leerar v. WOW Air EHF*, No. 16-cv-06011-EDL, 2017 WL 11493651, at *11 (N.D. Cal. Sept. 5, 2017). At most, the Seventh Circuit was expressing skepticism as to the question of whether an airline's contract of carriage could waive EU 261's forum requirement by incorporating EU 261 by reference. But expressing skepticism is a far cry from actually answering that question in the negative.

All of this is to say that the question of whether Ms. Belanger's claim is cognizable is still very much open. Despite the assertions of both parties, this Court has found no case in or outside the Seventh Circuit to have definitively addressed it.[2] There is also no need to resolve it here. As explained below, it makes no difference whether EU 261-incorporated breach of contract claims are generally cognizable in United States courts because Iberia's contract of carriage limits EU 261-based breach claims to courts of the European Union on its own terms.

### IV. Iberia's Contract of Carriage – Incorporation of EU 261's Forum Limitation

It is a rule of contract interpretation in both Michigan and Illinois that parties to a contract must clearly manifest an intent to incorporate by reference. *Forge v. Smith*, 458 Mich. 198, 207, 580 N.W.2d 876, 881 (1998); *Jago v. Miller Fluid Power Corp.*, 245 Ill. App. 3d 876, 879, 615 N.E.2d 80, 82 (1993). Mere reference to another document is insufficient to integrate its terms. *Innovation Ventures, LLC v. Custom Nutrition Lab'ys, LLC*, 912 F.3d 316, 347 (6th Cir. 2018); *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 666 (7th Cir. 2002).

---

[2] Iberia cites *Click 2 Refund* as support for its position that incorporation claims are not cognizable in the United States. In *Click 2 Refund*, the Central District of California implicitly acknowledged that *Baumeister* was dicta but nevertheless found its skepticism persuasive enough to postulate that incorporation claims would fail for the same reason direct EU 261 claims fail. 2019 WL 6135123, at *3 n.1. But as that case only involved a direct EU 261 claim, *id.*, this too was dicta. Likewise, Ms. Belanger cites *Kogan*, *Leerar*, and *Bytska v. Swiss International Air Lines, Ltd.* to support her argument that incorporation claims are cognizable. Indeed, these courts appear receptive to that conclusion, but they all stopped short of reaching it: *Kogan* and *Bytska* found that the contracts of carriage in question did not in fact incorporate EU 261, and *Leerar* found insufficient evidence to rule on the incorporation issue. *Kogan*, 253 F. Supp. 3d at 1025; *Bytska v. Swiss Int'l Air Lines, Ltd.*, No. 15-cv-00483, 2016 WL 792314, at *2–3 (N.D. Ill. Mar. 1, 2016); *Leerar*, 2017 WL 11493651, at *11–12. These cases are all post-*Baumeister*. Other pre-*Baumeister* incorporation cases have found no cause to address EU 261's forum limitation either. *See Dochak v. Polskie Linie Lotnicze LOT S.A.*, 189 F. Supp. 3d 798, 802–04 (N.D. Ill. 2016) (holds EU 261 not incorporated); *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 300 (E.D.N.Y. 2013), aff'd, 578 F. App'x 51 (2d Cir. 2014) (holds no EU 261 liability even if incorporated); *Lozano v. United Cont'l Holdings, Inc.*, No. 11-cv-08258, 2012 WL 4094648, at *4 (N.D. Ill. Sept. 17, 2012) (holds EU 261 not incorporated).

Here, Iberia's intent to incorporate EU 261 into its contract of carriage is anything but clear. On the contrary, it is not unreasonable to read the EU 261 references within Iberia's contract of carriage as simply providing Ms. Belanger with notice of her rights under EU 261 rather than making those rights terms of the contract. *Cf. Dochak v. Polskie Linie Lotnicze LOT S.A.*, 189 F. Supp. 3d 798, 803 (N.D. Ill. 2016) (finding contract of carriage "[did] not plausibly incorporate EU 261 but instead explain[ed] that those rights are defined and subject to the rules of EU 261"); *Lozano v. United Cont'l Holdings, Inc.*, No. 11-cv-08258, 2012 WL 4094648, at *4 (N.D. Ill. Sept. 17, 2012) (same). This interpretation is bolstered by two facts: (1) the relevant contractual language is captioned "Notice to passengers in the event of cancellation," Conditions of Contract 4, ECF No. 28-13; and (2) EU 261 itself requires that Iberia "provide each passenger affected with a written notice setting out the rules for compensation and assistance in line with this Regulation," 2004 O.J. (L 46) 1(EC) art. 14(2).

Iberia, however, does not argue this point. The whole of its argument is based on its unwarranted reliance on *Baumeister* and thus it presumes that EU 261 is incorporated into its contract of carriage. *See* Mem. in Supp. of Mot. to Dismiss 8–11, ECF No. 27. Iberia has therefore waived any argument to the contrary.

Although the parties apparently agree that Iberia's contract of carriage incorporates EU 261—*see* Resp. to Mot. to Dismiss 8, ECF No. 30 ("[T]here is no dispute that EU 261 is indeed expressly incorporated into Defendant's contract of carriage.")—neither party offers a single citation to the contract of carriage. This is particularly problematic for Ms. Belanger; for although the parties represent that EU 261 is incorporated into the contract of carriage, Ms. Belanger provides no basis to identify which parts of EU 261 are incorporated. She points to no provisions of the contract nor quotes any text. Most significantly, she makes no argument that incorporation is limited to particular articles. The only possible interpretation this Court is left with, then, is that the parties intended to incorporate EU 261 in its entirety. This means that the contract of carriage incorporates not only the right of reimbursement from Article 8 but also the forum limitation the *Volodarskiy* Court inferred from Article 16. Therefore, even if EU 261-incorporated breach of contract claims are generally cognizable here, by incorporating Article 16, Iberia's contract of carriage limits Ms. Belanger's claim specifically to courts of the European Union.

Ms. Belanger does argue that 14 C.F.R. § 253.10—part of a set of federal regulations that govern requirements for disclosure of terms incorporated into contracts of carriage—demands a different conclusion. It reads: "No carrier may impose any contract of carriage provision containing a choice-of-forum clause that attempts to preclude a passenger . . . from bringing a claim against a carrier in any court of competent jurisdiction . . . ." And no contract, she notes, may "be construed so as to make it illegal if such construction can be reasonably avoided." Resp. to Mot. to Dismiss 7 n.4, ECF No. 30 (citing *Detroit Bank & Tr. Co. v. Coopes*, 93 Mich. App. 459, 466, 287 N.W.2d 266, 269 (1979) and *Ill. Collaboration on Youth v. Dimas*, 81 N.E.3d 63, 82 (Ill. App. Ct. 2017)). So, her logic goes, section 253.10 requires that her incorporation claim be given forum here.

As discussed in part III, it is still an open question as to whether this Court is a "court of competent jurisdiction." But in any event, section 253.10 does not apply to the dispute in this case. That regulation prohibits any ***carrier*** from imposing a choice-of-forum provision. Here,

EU 261's forum limitation is not being imposed by Iberia, it is imposed through the operation of European law. As such, 14 C.F.R. § 253.10 is inapposite.

\* \* \*

There is no doubt Ms. Belanger could have sued Iberia in Europe. Her class allegations, however, have no viability there, so it is understandable why she filed suit in Chicago rather than Madrid. Iberia's contract of carriage incorporates EU 261 to provide her a contractual right to reimbursement under state law (a dubious albeit conceded conclusion), but it also must be interpreted (given no argument to the contrary) to incorporate EU 261's other provisions that bear on the process of enforcing that right—namely, its limitation on enforcement actions to courts of the European Union. Therefore, under the terms of Iberia's contract, Ms. Belanger's claim for breach may not be raised here. Iberia's motion to dismiss is therefore granted. And because the lack of cognizability cannot be remedied, the dismissal is with prejudice as to any further attempt to litigate Ms. Belanger's claim in a United States court.[3] Nothing in this ruling, however, is intended to preclude the assertion of her claim in a "court of competent jurisdiction" as defined in EU 261.

Date: July 5, 2022

John J. Tharp, Jr.
United States District Judge

---

[3] Claims of putative class members are dismissed without prejudice.